**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ELIZABETH MORGAN,**

        **Plaintiff,**

        v.          **1:06-CV-00027**
                                      **(GLS/RFT)**

**EUGENIA SANCHEZ,**

        **Defendant.**[1]
_____

**APPEARANCES:**          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

OFFICE OF ROBERT M. KERRIGAN     ROBERT M. KERRIGAN, ESQ.
65 Pondfield Road
Bronxville, New York 10708

**FOR THE DEFENDANT:**

RUSK, WADLIN LAW FIRM     DANA DeJESUS BLACKMON,
255 Fair Street     ESQ.
P.O. Box 3356
Kingston, New York 12401

**Gary L. Sharpe**
**U.S. District Judge**

---

[1]Defendant Key Bank was terminated from this action on July 18, 2006.  *See Dkt. No. 20.*

**MEMORANDUM-DECISION AND ORDER**

**I. Background**

On August 9, 1957, defendant Eugenia Sanchez created an irrevocable trust entitled "The Eugenia C. Sanchez Irrevocable Trust." *See Dkt. No. 1.* At all times relevant to this lawsuit, she was the grantor of the trust, and Key Bank was the sole trustee. *See id.* Sanchez terminated the trust on March 9, 2004. *See id.* Morgan is Sanchez's first cousin, and given the language of the trust, she would have inherited had it not been terminated. The sole issue is whether Morgan's consent was required before Sanchez terminated the trust.

In cross-motions, both parties seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See Dkt. Nos. 17, 18.* For the reasons that follow, the defendant's motion is granted, the plaintiff's motion is denied, and the complaint is dismissed.[2]

**II. Discussion**

When deciding a Rule 12(c) motion for judgment on the pleadings, the court applies the same standard as is used in deciding a motion to

---

[2] Jurisdiction is predicated on diversity of citizenship, and the court applies the law of New York to its analysis.

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005). Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In other words, the court should dismiss the complaint pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief."  *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005) (internal quotation marks and citation omitted).  "A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted).  Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor."  *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005) (citation omitted).

Sanchez argues that she was not required to obtain Morgan's consent prior to terminating the 1957 trust.  Specifically, she asserts that

Morgan was not a beneficially interested party to the trust, and therefore, her consent was not required.

New York law provides that "upon the written consent...of all persons beneficially interested in a trust of property,...the creater [sic] of such trust may revoke or amend the whole or any part [of the trust][.]" N.Y. EST. POWERS & TRUSTS LAW § 7-1.9(a). The statute further states that "...a disposition, contained in a trust created on or before [1951], in favor of persons described only as the heirs, next-of-kin, or distributees...of the creator of the trust does not create a beneficial interest in such persons." *Id.* at § 7-1.9(b).

Moreover, the language of the Sanchez trust states as follows:

> Upon death of GRANTOR, the trustees shall hold the Trust Fund in the manner herein provided for the benefit of and pay the income to the surviving children of the grantor...And if no child or children of the GRANTOR survive her...the principal of the trust shall be paid and distributed to ANNE MARIE SANCHEZ, the GRANTOR's sister, and if GRANTOR'S sister be not then living, the principal shall be paid and distributed to GRANTOR'S surviving next-of-kin pursuant to and under the law of the State of New York....

*See Dkt. No. 17, Ex. 3.* Based on the statutory language and the trust itself, Morgan contends that her consent was required before termination. To support this argument, she points out that she is Sanchez's first cousin

and would therefore fall under "next-of-kin."  Morgan further argues that the original trust named Sanchez's children, sister and next-of-kin as potential distributees.  Therefore, the class of persons was not *only* described as "next-of-kin" but also included specifically named persons.  Therefore, Morgan maintains that the consent of all parties was required.

The court is not persuaded by this argument.  A plain reading of the statute makes it clear that consent is not required from those persons only described as "next-of-kin."  Since Morgan is not specifically named in the trust and can *only* be described as "next-of-kin," she should not be considered a beneficially interested person.  The reason for this is evident, since it would be unduly burdensome to obtain the consent of a large potentially unknown class of persons for purposes of revoking a trust.  *See In the Matter of Chester J. Dodge*, 25 N.Y.2d 273, 284 (1969).[3]  Accordingly, Sanchez's motion for judgment on the pleadings is granted.

**WHEREFORE**, for the foregoing reasons, it is hereby

---

[3] In *Dodge*, the New York Court Appeals discussed the legislative history supporting the amendment of N.Y. EST. POWERS & TRUSTS LAW § 7-9.1.  The amendment (more fully set out above) provided that those described only as "next-of-kin" should not be considered beneficially interested parties.  *See* N.Y. EST. POWERS & TRUSTS LAW § 7-9.1(b).  The Court of Appeals noted that this amendment was enacted to remove the need for judicial construction of whose consent was necessary for revocation of a *inter vivos* trust.  Ultimately, the legislature sought to remove obstacles to revoking trusts.  Clearly, this goal would be frustrated by now deciding that "next-of-kin" constitute beneficially interested persons.

5

**ORDERED** that Sanchez's motion for judgment on the pleadings (*Dkt. No. 17*) is **GRANTED**, and Morgan's cross-motion for judgment on the pleadings (*Dkt. No. 18*) is **DENIED**, and Morgan's complaint is **DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

January 24, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge